UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case # 1:25-cv-22668-JB

-----------------------------------------------------------------X
ROBIN GREENBAUM

    -against-


DR. GAIL BENDHEIM, DR. ESTHER ALTMANN, DR. JONATHAN SLAVIN, DR. JOSEPH
CILONA, DR. ERIN OLIVO, DR. CHRISTINE FOERSTCH, DR. JONATHAN DETRIXHE,
NAOMI BEN-AMI, DR. CHLOE CARMICHAEL, JOSH WEINER, DR. LINDA WEINER,
RABBI ERIN LEIB, HILLEL FULD, RABBI JOEL COHN, SAUL BIENENFELD, SAUL
BIENENFELD P.C., LISA CAHILL, LISA CAHILL P.L.LC., ADA COLLEEN WALSH, ADA
JAMIE KLEIDMAN, JASON STEINBERGER, JASON STEINBERGER L.L.C., RABBI JEFF
FOX, YESHIVAT MAHARAT, SAR ACADEMY, AVENTURA HOSPITAL, DOUGLAS
ELLIMAN, KEN HABER, ROOSEVELT HOSPITAL, JACK BENDHEIM, SARA ROER,
ETHAN BENDHEIM, ELLIOT FULD, ARIEL GROVEMAN WEINER, THE NEW YORK
STATE OFFICE OF THE PROFESSIONS, UBER TECHNOLOGIES INC.,
and JOHN DOES 1- 30,
-----------------------------------------------------------------X

---

DEFENDANT'S
SAUL BIENENFELD AND SAUL BIENENFELD P.C.
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT

---

SAUL BIENENFELD
Fla Bar No. 121982

Attorney for Saul Bienenfeld and
Saul Bienenfeld PC
680 Central Ave
Cedarhurst, New York 11516
212-363-7701
saul@bienenfeldlaw.com

**INTRODUCTION**

The crux of the Greenbaum complaint is the allegation of a coordinated, retaliatory enterprise involving therapists, legal professionals, and institutions, which systematically silenced, defamed, and excluded the Plaintiff in response to her abuse disclosures and whistleblowing, through a pattern of racketeering, civil rights violations, and disability discrimination.

**THE COMPLAINT**

The Greenbaum complaint centers on allegations that a coordinated network of therapists, attorneys, prosecutors, institutional actors, and abusers engaged in a long-term, multi-state campaign to retaliate against and silence the Plaintiff, Robin Greenbaum, after she reported childhood sexual abuse and institutional negligence. The complaint asserts that, rather than receiving support, the Plaintiff was subjected to:

- Therapeutic Misconduct and Abandonment: Multiple therapists allegedly failed to provide trauma-informed care, violated confidentiality, colluded with abusers, and abandoned the Plaintiff during crises. Some are accused of fabricating records, sharing confidential information without consent, and weaponizing the Plaintiff's trauma and disability.

- Retaliatory Prosecution and Legal Manipulation: Prosecutors and attorneys are alleged to have used unverified and defamatory therapist statements to construct a criminal case against the Plaintiff, absent probable cause, in retaliation for her whistleblowing and complaints against therapists. The prosecution is described as lacking a legitimate legal basis and as being coordinated with private actors to chill protected speech and block redress.

- Defamation and Blacklisting: Attorneys and institutional actors are accused of sending defamatory cease-and-desist letters, making false statements to damage the Plaintiff's reputation, and participating in a campaign to exclude her from employment and professional opportunities.

- Disability Discrimination: The Plaintiff alleges denial of services, employment, and fair process based on her trauma-related behaviors and neurodivergent condition, in violation of the Americans with Disabilities Act (ADA) and related laws.

- Institutional Complicity and Obstruction: Schools, hospitals, and licensing boards are alleged to have ignored credible abuse complaints, failed to investigate professional misconduct, and provided cover for those retaliating against the Plaintiff.

- Civil RICO Violations: The complaint asserts that these actions constitute a pattern of racketeering activity under the Racketeer Influenced and Corrupt Organizations Act (RICO), including predicate acts such as mail and wire fraud, witness tampering, extortion, obstruction of justice, and deprivation of rights under color of law.

- Equitable Tolling: The Plaintiff claims that the statute of limitations should be tolled due to trauma, psychiatric injury, and the concealment of the enterprise's full scope, with key evidence of collusion only discovered in 2024-2025.

- Damages and Relief Sought: The Plaintiff seeks over $140 million in compensatory damages (subject to trebling under RICO), punitive damages, declaratory and injunctive relief (including expungement of her criminal record and professional license reviews), and the appointment of counsel due to indigence and disability.

**ALLEGATIONS AGAINST SAUL BIENEFELD AND SAUL BIENENFELD PC**

The Greenbaum complaint alleges the following specific actions and misconduct by Saul Bienenfeld and Saul Bienenfeld P.C.:

1. Role in the Alleged RICO Enterprise

- Saul Bienenfeld and his law firm are named as participants in a coordinated racketeering enterprise, alleged to have acted in concert with therapists, attorneys, and institutional actors to retaliate against Plaintiff for whistleblowing, suppress abuse disclosures, and obstruct accountability.

2. Issuance of Threatening and Defamatory Letters

- In 2018 and again in 2024, Bienenfeld sent letters to Plaintiff and her family members, which in Plaintiff's mind:

- Relied on expired Orders of Protection.

- Misrepresented the law to intimidate Plaintiff into silence.

- Falsely threatened criminal prosecution for protected speech and advocacy.

- Invoked police enforcement without lawful grounds.

- Were designed to emotionally trigger, silence, and intimidate Plaintiff, despite no contact with the therapists in five years at the time.

- Did not mention "stalking," confirming, according to the complaint, that the charge had been pursued in bad faith.

- Were also sent to Plaintiff's brother, constituting third-party intimidation.

3. Collusive and Unethical Legal Representation

- Bienenfeld is alleged to have knowingly represented both Dr. Esther Altmann and Dr. Gail Bendheim, despite clear ethical conflicts and collusion, as both were accused of covering up abuse.

- No separation of interests was maintained between clients with adverse interests to Plaintiff, violating ethical legal standards.

- Bienenfeld's involvement is described as giving a legal facade to the retaliatory enterprise, chilling Plaintiff's ability to seek redress and enabling others to continue coordinated defamation and blacklisting.

4. Withholding of Communications

- Bienenfeld is alleged to have withheld communications between Plaintiff and his clients, potentially blocking opportunities for repair.

5. Predicate Acts Under RICO

- The conduct of Bienenfeld and his firm is alleged to constitute predicate acts under the Racketeer Influenced and Corrupt Organizations Act (RICO), including:

- Mail fraud ( 18 USCS § 1341) — sending defamatory cease-and-desist letters interstate.

6

- Witness tampering ( <u>18 USCS § 1512</u>) — using threats and coercion to deter Plaintiff from reporting wrongdoing or engaging in protected legal activity.

7. Defamation

- Bienenfeld is alleged to have contributed to false statements characterizing Plaintiff as dangerous, with the intent to damage her reputation, limit legal advocacy, and prevent future employment.

Damages Sought

- The complaint seeks $1,000,000 in compensatory damages from Saul Bienenfeld and $1,000,000 from Saul Bienenfeld P.C., plus treble and punitive damages.

In summary:

The Greenbaum complaint alleges that Saul Bienenfeld and Saul Bienenfeld P.C. participated in a coordinated campaign of legal intimidation, witness tampering, defamation, and obstruction, acting as legal enforcers for a network of therapists and alleged abusers, and furthering a retaliatory RICO enterprise against the Plaintiff.

**MOTION TO DISMISS STANDARD**

Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. <u>Marshall County Bd. of Educ. v. Marshall County Gas</u>

Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Under the Supreme Court's standard

set forth in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), "to survive a

motion to dismiss, a complaint must now contain factual allegations which are

'enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true.'" Berry v. Budget Rent-A-Car

Systems, Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127

S. Ct. at 1965). To survive a motion to dismiss, the complaint must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Twombly, 127 S. Ct. at 1964. The plaintiff must offer "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Id. at 1965. In ruling on a motion to dismiss, "conclusory allegations,

unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir.

2003). "Conclusory allegations in the complaint need not be taken as true and the

plaintiff must allege sufficient facts to support his allegations." Marine Coatings of

Ala., Inc. v. United States, 792 F.2d 1565, 1568 (11th Cir. 1986).

**ARGUMENT**

For the reasons set forth below the Complaint should be dismissed.

**Plaintiffs Fail to Allege Facts Sufficient to Establish Standing or to State a**

**Claim Under RICO**

Plaintiffs' RICO allegations fail primarily because they have not alleged facts that would show a causal connection between Greenbaum's injury, if any, and the alleged predicate acts. As a threshold matter, therefore, Plaintiff lacks standing under RICO. Further, Plaintiff has not alleged that she was injured by the alleged RICO violations, and her injuries are described only in conclusory language. Greenbaum alleges the following injuries:

1. Psychological and Emotional Injuries

- Severe psychological trauma, including complex PTSD, dissociation, selective mutism, and emotional collapse, resulting from childhood sexual and emotional abuse, professional betrayal, and institutional retaliation.

- Lasting psychological harm from grooming and abuse by Josh Weiner and emotional abuse by Rabbi Erin Leib.

- Emotional distress and trauma exacerbated by abandonment and misconduct by therapists, including Dr. Gail Bendheim, Dr. Esther Altmann, Dr. Joseph Cilona, Dr. Erin Olivo, and others.

- Reputational defamation and stigmatization, including being falsely portrayed as violent, dangerous, or unstable.

- Isolation and exclusion from communal, religious, and professional spaces.

2. Physical Injuries and Medical Harm

- Physical assault by staff at Aventura Hospital.

- Denial of basic hygiene and being forced to remain in cold, wet clothing, leading to compounded trauma.

- Involuntary sedation and medication without informed consent.

- Placement in inhumane conditions, including isolation and fear of physical and sexual assault.

## 3. Economic and Career Injuries

- Career destruction and economic loss, including:

- Loss of employment at Douglas Elliman due to retaliatory criminal record.

- Denial of employment by Uber Technologies, Inc. based on disability-related criminal record.

- Ongoing economic injury from systemic blacklisting and reputational harm.

## 4. Legal and Civil Rights Injuries

- Retaliatory prosecution and coerced guilty plea, resulting in a criminal record.

- Denial of meaningful legal representation and access to fair process due to attorney malpractice and conflicts of interest.

- Disability-based discrimination in healthcare, employment, and access to justice.

- Suppression of protected speech and whistleblowing activities.

- Obstruction of justice, witness tampering, and intimidation, including threats to Plaintiff and family members.

- Violation of privacy and misuse of confidential health information.

5. Institutional and Systemic Injuries

- Institutional betrayal by SAR Academy, Yeshivat Maharat, and the New York State Office of the Professions, including failure to investigate or act on abuse disclosures.

- Systemic denial of services and blacklisting by therapists, institutions, and licensing authorities.

- Delayed recovery and inability to advocate for herself due to coordinated retaliation and obstruction.

These injuries are alleged to have been caused by a coordinated enterprise involving therapists, attorneys, prosecutors, institutional actors, and others, resulting in harm across psychological, physical, economic, legal, and institutional domains.

In her Complaint, Plaintiff does not identify what sections of RICO she

claims Defendant Bienenfeld violated, nor has she alleged the elements of the underlying predicate acts upon which she bases her RICO claim. For these reasons, discussed more fully below, Plaintiffs' RICO claim should be dismissed with prejudice.

## A. <u>Standing</u>

This Complaint violates the most fundamental rule of standing, which prescribes that "a plaintiff must show that the conduct of which he complains has caused him to suffer an injury in fact that a favorable judgment will redress." <u>Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward County</u>, 450 F.3d 1295, 1304 (11th Cir. 2006). Article III standing requires the plaintiff to show that: (1) it suffered or is immediately likely to suffer an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection exists between the injury and the alleged conduct; and (3) there is a likelihood that a favorable judicial decision will redress that injury. <u>See</u> <u>Lujan v. Defendants of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Additionally, to state a claim under RICO with wire or mail fraud as predicate acts, as Plaintiff attempts here, she must allege that she was the "target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme" or that these predicate acts of mail or wire fraud directly caused her

injuries. <u>Pelletier v. Zweifel,</u> 921 F.2d 1465, 1499 (11th Cir. 1991); see also

<u>Holmes v. Secs. Investor Prot. Corp.</u>, 503 U.S. 258 (1992). As stated by the

Eleventh Circuit, a RICO plaintiff "has standing to sue only if his injury directly

flowed from the commission of the predicate acts." <u>Byrne v. Nezhat</u>, 261 F.3d

1075, 1110 (11th Cir. 2001). Moreover, a plaintiff must allege facts that would

show that **damage to business or property** was caused by the specific conduct

constituting the violation of the mail and wire fraud statutes. <u>See Sedima, S.P.R.L.

v. Imrex Co</u>., 473 U.S. 479, 496-97 (1985). Mail or wire fraud under 18 U.S.C.

§§1341 and 1343 occurs "when a person (1) intentionally participates in a scheme

to defraud another of money or property and (2) uses the mails or wires in

furtherance of that scheme." <u>Pelletier</u>, 921 F.2d at 1498. Mail and wire fraud entails

"'[a]n intention to induce the [victim] to act or to refrain from action in reliance

upon the misrepresentation.'" <u>Id</u>. at 1499. Accordingly, to satisfy the minimum

requirements for standing under RICO, Plaintiff must allege the elements of mail

and wire fraud (and fraud under Florida law and any other predicate acts she

claims), allege that they were injured in their business or property, and allege that

this injury was a direct result of Defendants' violations of the mail and wire fraud

statutes. Plaintiff has not done this. She does not allege the elements of mail or

wire fraud. The one allegation regarding any predicate act deals solely with

Bienenfeld's alleged cease-and-desist letters and standard legal communications on

behalf of his clients. These are not predicate acts under 18 U.S.C. § 1961(1) unless accompanied by fraudulent or criminal conduct, which is not plausibly alleged. Plaintiff has alleged no facts that tie any alleged conduct in violation of RICO by Bienenfeld to any injury to Plaintiff. Further, the overall allegations are ambiguous regarding just how Plaintiff was allegedly injured by which Defendant's conduct. Plaintiff does not specify what this injury was, how it occurred, who specifically caused it, or when it occurred. None of the allegations of the Complaint indicates that Greenbaum suffered any injury or **damage to business or property**, let alone injury as a result of conduct by any Defendant. Accordingly, all claims on behalf of Greenbaum, including the RICO claim, should be dismissed for failure to allege redressable injury and thus for lack of standing. The burden is on Plaintiff to allege facts sufficient to establish standing. Plaintiff has failed to meet her burden. The Court is therefore required to dismiss Plaintiffs' RICO claims because it "may not "speculate concerning the existence of standing . . . If the plaintiff fails to meet its burden, the court lacks the power to create jurisdiction by embellishing a deficient allegation of injury.'" Dimaio v. Democratic Nat'l Comm., Florida Democratic Party, 520 F.3d 1299, 1301 (11th Cir. 2008) (quoting Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir. 2006)). For these reasons, Plaintiffs' RICO claim should be dismissed.

**B. Failure to State a Claim**

To state a claim under RICO, Plaintiffs must allege: (1) the existence of an enterprise; (2) acts of racketeering, commonly referred to as "predicate acts," which affect interstate or foreign commerce; (3) a pattern of racketeering activity in which the racketeer commits at least two distinct acts; and (4) injury to property or business as a direct result of the predicate acts. See Pelletier, 921 F.2d 1465. Where allegations are made against individuals, the plaintiff must also make factual allegations as to how the individuals participated in the operation or management of the enterprise itself. See Reves v. Ernst & Young, 507 U.S. 170, 185 (1993). Conclusory allegations that a defendant was an owner or operator will not carry a plaintiff past a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Comcast of South Fla. II, Inc. v. Best Cable Supply, Inc., No. 07-22335-CIV, 2008 WL 190584 (S.D. Fla. Jan. 22, 2008) (dismissing RICO claim where "Plaintiffs do not offer any factual allegations as to how the individual Defendants played a part in directing the affairs of the enterprise).

The RICO statute establishes four kinds of unlawful conduct. Plaintiff, however, does not state in her Complaint which sections she claims the Bienenfeld Defendants violated, and, as a result, Plaintiff has not alleged facts supporting a cause of action under any one of the four subsections of §1962. In her RICO complaint, Plaintiff attempts to claim violations of 18 U.S.C. §§ 1962(a), 1962(c), and 1962(d). Section 1962(a) makes it "unlawful for any person who has received

any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. §1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

As stated above, Plaintiff did not attempt to allege the elements of any of these sections of RICO. The Court would first have to infer that Plaintiff is trying to allege that Saul Bienenfeld and Saul Bienenfeld PC are RICO enterprises. The Complaint is void of any allegations that Bienenfeld is a RICO enterprise.

Plaintiff does not allege the elements of mail or wire fraud, much less that she was injured by any alleged violation of these statutes. Plaintiff has not stated that any Defendant used the wires or mails to defraud her, nor has she alleged that

any Defendant intended to induce her to act or refrain from acting in reliance upon an alleged misrepresentation. Plaintiff's RICO claim fails because she does not allege any facts that show that she was injured by reason of Bienenfeld's act or deception in violation of the mail or wire fraud statutes.

For these reasons, Plaintiff's RICO claim should be dismissed.

## C. Futility of Amendment

A complaint may be dismissed with prejudice where it is established that the plaintiff cannot, with leave to amend, cure the legal defects that warranted the dismissal. See Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239-40 (11th Cir. 2000). The district court need not grant a plaintiff leave to amend "where amendment would be futile." Id.; see also Case v. Riley, No. 11489, 2008 WL 764560 (11th Cir. Mar. 25, 2008) (affirming district court's dismissal with prejudice where amendment would have been futile). As shown by Plaintiffs' Amended RICO Complaint, a third opportunity to state her case, Plaintiff will still not be able to cure the defects of her pleadings. Her formulaic and ChatGPT generated RICO claim does not form the basis for a RICO action. Eleventh Circuit precedent requires RICO plaintiffs to plead specific facts establishing each element of a RICO claim with sufficient particularity. The Supreme Court has established that RICO claims must be carefully scrutinized to ensure they are not being used to transform ordinary civil disputes into federal RICO claims. Plaintiff's Complaint

17

contains only conclusory allegations that fail to meet the pleading standards required for RICO claims under both Supreme Court and Eleventh Circuit precedent.

Plaintiff cannot cure the defects of her RICO claim, and any attempt to further amend the Complaint would be futile.

**Lack of Personal Jurisdiction of the Bienenfeld Defendants- Rule 12(b)(2) – Lack of Personal Jurisdiction**

Bienenfeld did not direct his conduct purposefully at Florida nor had any minimum contacts with the forum, he asserts that Florida lacks personal jurisdiction under the Due Process Clause. Plaintiff now resides in Florida, but Bienenfeld's role appears to be based solely in New York. Florida's long-arm statute does not permit jurisdiction where the defendant's only connection to the forum is through communications initiated from another state. Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002).

**The Remaining State Law Claims Should be Dismissed**

According to the Supreme Court, "[w]hen federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also United Mine Steel Workers v. Gibbs, 383 U.S. 715 (1966) (dismissal of state

law claims strongly encouraged when federal law claims are dismissed prior to trial); Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997) (finding "that judicial economy, fairness, convenience, and comity dictate having the [ ] state law claims decided by the state courts); Ubuy Holdings, Inc. v. Gladstone, 340 F. Supp. 2d 1343, 1350 (S.D. Fla. 2004) (dismissing RICO claim and declining to exercise jurisdiction over state-law claims).

At this early stage in the litigation, there is no reason for the Court to exercise its discretionary supplemental jurisdiction over state law claims once it has dismissed the one federal question claim. For these reasons, the Complaint should be dismissed.

**Defamation and Emotional Distress Claims Are Deficient**

The defamation claim fails because it does not allege any actionable false statement made by Bienenfeld to a third party. To state a claim for defamation under Florida law, the following elements must be pleaded:

- A false statement of fact: The defendant published a false statement about the plaintiff.

- Publication: The statement was communicated to a third party.

- Fault: There was at least negligence on the part of the defendant regarding the falsity of the statement.

- Damages: The plaintiff suffered actual damages as a result of the statement, unless the statement is actionable per se.

The complaint references "Defamation — Cahill, Bienenfeld" and cites " Fla. Stat. § 770.01" as the relevant statute for defamation in Florida. It is alleged that Bienenfeld "sent a dishonest letter stating he knew where she lived and spoke to the local police about her despite sending the letter to the wrong address," and that the letter "mischaracterized Plaintiff's outreach, rooted in trauma disclosure and requests for repair, further stigmatizing her." The complaint further alleges that these communications were "falsely portraying Plaintiff as dangerous," and were "transmitted via interstate wire and mail and served to intimidate and obstruct."

Under Florida law, statements made by attorneys in the course of their professional duties, including in demand or cease and desist letters, may be protected by privileges that shield them from defamation claims. These privileges, whether absolute or qualified, depend on the context and relevance of the statements to judicial or quasi-judicial proceedings. Courts have consistently emphasized the importance of unhindered communication in legal and grievance processes, balancing this need with protections against defamatory conduct.

In Hoch v. Loren, 273 So. 3d 56, (Fla. 2019) the court held that a cease and desist letter sent by attorneys to an opposing party, with a copy sent to their client, did not constitute "publication" under defamation law. The court reasoned that

communication between an attorney and their client is analogous to a principal speaking to itself, and thus, there was no publication to a third party. The defamation claim was dismissed for failure to state a cause of action.

In Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380 (Fla 2007) the Florida Supreme Court extended the litigation privilege to all causes of action, both statutory and common law. The court emphasized that participants in litigation must be free to communicate and act without fear of subsequent civil liability, provided the actions are related to the judicial proceeding. This absolute immunity applies to any act occurring during the course of a judicial proceeding, as long as it has some relation to the matter.

In Delmonico v Traynor 116 So.3d 1205, (Fla 2013) the Florida Supreme Court clarified that absolute privilege does not apply to defamatory statements made by an attorney during ex-parte, out-of-court questioning of a nonparty witness in the course of investigating a pending lawsuit. Instead, a qualified privilege applies, requiring the plaintiff to prove express malice if the statements are relevant to the subject of the underlying suit.

In Brown v. Comair, Inc., 803 So. 2d 896, (Fl Dist 2002) the court affirmed that statements made in letters of suspension, which were issued pursuant to a collective bargaining agreement and relevant to a grievance proceeding, were absolutely privileged. The court emphasized that relevancy is broadly defined to

include any statement with "some relation" to the grievance process, even if the grievance was filed after the statements were made.

In the case at bar, all the statements in the letter were true, they were not disclosed to third parties there are no allegations of negligence on the part of Bienenfeld in sending the letters and there are no allegations of damages.  All state claims of defamation and false light must be dismissed.

## CONCLUSION

For these reasons, the Court should dismiss the Complaint against Saul Bienenfeld and Saul Bienenfeld P.C. with prejudice.


SAUL BIENENFELD
Fla Bar No. 121982

Attorney for Saul Bienenfeld
and Saul Bienenfeld PC
680 Central Ave
Cedarhurst, New York 11516
212-363-7701
saul@bienenfeldlaw.com


 /s/ Saul Bienenfeld

To:
Robin Greenbaum
Plaintiff Pro Se
rgreenbau@gmail.com
VIA ECF

CERTIFICATE OF SERVICE

I certify that on July 10, 2025 I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is

being served this day on Robin Greenbaum plaintiff pro se via transmission of

Notices of Electronic Filing generated by CM/ECF and via USPS to Robin

Greenbaum 3370 NE 190th Street Apt 807 Aventura, Florida 33180.


_/s/_____
Saul Bienenfeld