# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-22668-CIV-BECERRA/Reid

**ROBIN GREENBAUM**,

      Plaintiff, *pro se*,

vs.

**BENDHEIM et al.**,

      Defendants.

_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDING DISMISSAL WITHOUT PREJUDICE

      **THIS MATTER** is before the Court on *pro se* Plaintiff Robin Greenbaum's ("Plaintiff")

Motion for Leave to Proceed *in forma pauperis*. [ECF No. 3]. For the reasons expressed below, it

is **ORDERED** that the Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] be **DENIED**

and **RECOMMENDED** that Plaintiff's Amended Complaint[1] [ECF No. 9] be **DISMISSED**

**WITHOUT PREJUDICE**[2] because this Court lacks personal jurisdiction over thirty-five of the

thirty-six defendants and Plaintiff fails to state a claim against the remaining Defendant, Aventura

Hospital.

### I.    BACKGROUND

      Plaintiff, Robin Greenbaum, proceeding *pro se*, filed the initial complaint on June 12, 2025.

[ECF No. 1]. She filed an Amended Complaint on June 24, 2025. [ECF No. 9]. She alleges several

---

[1] The Court notes that Plaintiff titled her filing as "Second Amended Complaint" [ECF No. 9]
however, this is the first amendment in this case. Plaintiff filed the 94-page Amended Complaint
along with a motion for leave to file it. [ECF No. 9]. This amended pleading is discussed in this
Report.

[2] The undersigned was referred all dispositive matters for Report and Recommendation and for a
ruling on all pre-trial, non-dispositive matters. [ECF No. 14].

claims involving abuse against thirty-six defendants arising from events spanning from 1985 to 2025. *See* [ECF No. 9-1]. Defendants Saul Beinenfeld and Saul Beinenfeld P.C. filed a Notice of Appearance on July 7, 2025, and subsequently filed a Motion to Dismiss for Failure to State a Claim on July 10, 2025. [ECF Nos. 15, 16].

Plaintiff's Amended Complaint alleges the following causes of action: Civil RICO and RICO Conspiracy (Count I); Child Abuse, Failure to Report, Negligence (Count II); Therapy Malpractice and Abandonment (Count III); Disability Discrimination (Count IV); Defamation and False Light (Count V); Legal Malpractice (Count VI); Medical Negligence (Count VII); Intentional Torts (Intentional Infliction of Emotional Distress, Assault and Battery) (Count VIII); and Prosecutorial Misconduct and Disability Discrimination (Count IX). *See* [ECF No. 9-1].

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit that includes a statement of all assets and that the person is unable to pay the filing fees. *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). Plaintiff has moved for leave to proceed *in forma pauperis* attesting to her inability to pay the filing fee. [ECF No. 3].

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 317 (1989), explained that:

> Section 1915(d)[3] has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Thus, if a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to commence suit if the litigant is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Notably, courts are more lenient to *pro se* filings than those drafted by practicing attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But a court and its staff cannot serve as "*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168 (citation and quotation marks omitted).

### III.   DISCUSSION

#### (a) The Court lacks personal jurisdiction over thirty-five defendants.

Plaintiff has not sufficiently alleged that this Court has personal jurisdiction over thirty-five of the thirty-six defendants in this case.[4] From the Court's reading of the ninety-four page

---

[3] 28 U.S.C. § 1915(d) has since been replaced by 28 U.S.C. § 1915(e)(2)(B). *See* Pub.L. No. 104–134, § 804(a)(5), 110 Stat. 1321, 1321–74 (1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[4] The only Defendant the Court appears to have personal jurisdiction over is Defendant Aventura Hospital. However, the claims against this defendant are defeated on other grounds.

Amended Complaint, there appears to be no justification for a finding that the Court has personal jurisdiction over thirty-five defendants listed in the Amended Complaint.

"A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2023 WL 4014741, at *3 (S.D. Fla. May 25, 2023) (citing *S.O.S. Res. Servs., Inc. v. Bowers*, No. 14-22789-Civ, 2015 WL 2415332, at *2 (S.D. Fla. May 21, 2015)), *report and recommendation adopted*, No. 22-21796-CIV, 2023 WL 5271335 (S.D. Fla. Aug. 16, 2023). It is within the Court's purview, as a question of law, to determine whether personal jurisdiction exists. *Duran v. Joekel*, No. 2:23-CV-558-JES-NPM, 2024 WL 2384963, at *2 (M.D. Fla. May 23, 2024) (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (in turn citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009)). Our Circuit requires a petitioner to plead sufficient facts to show a prima facie case of jurisdiction over the nonresident respondents. *See Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010).

Here, Plaintiff's Amended Complaint simply asserts that the Court has personal jurisdiction because Defendants' "Committed acts within Florida . . . [and] Directed threats[,] defamatory statements[,] or other tortious conduct into Florida[,] [o]r participated in a coordinated enterprise whose effects were foreseeably felt by the Plaintiff while domiciled in Florida." [ECF No. 9-1 ¶¶ 11–12]. However, these claims are not supported by the allegations in the Complaint, and even if they were, they would not be sufficient to assert personal jurisdiction.

As this Court applies Florida law to its personal jurisdictional analysis, "mere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a nonresident defendant." *Lynch v. Bailey-Roka*, No. 22-CV-14338, 2023 WL 4166959, at *3 (S.D. Fla. Apr. 13, 2023) (quoting *Kaminsky v. Hecht*, 272 So. 3d 786, 788 (Fla. 4th DCA 2019),

*report and recommendation adopted in part*, No. 22-14338-CIV, 2023 WL 4144365 (S.D. Fla. June 23, 2023)); *KrunchCash, LLC v. Craig*, No. 22-81415-CIV, 2023 WL 2487230, at *9 (S.D. Fla. Mar. 13, 2023). Rather, the complaint must allege a cause of action "arising from" that enumerated act in Florida. Fla. Stat. § 48.193(1)(a). It is well-established that the phrase "arising from" requires that the place of injury be within Florida. *Hollingsworth v. Iwerks Entm't, Inc.*, 947 F.Supp. 473, 478 (M.D. Fla. 1996); *Allerton v. State Dep't of Ins.*, 635 So.2d 36, 39–40 (Fla. 1st DCA 1994). *Clay v. AIG Aerospace Ins. Services, Inc.*, 61 F.Supp.3d 1255, 1267–70 (M.D. Fla. 2014) ("It is a well-established principle that the phrase 'arising from' requires that the place of injury be within Florida").

Here, it is unclear what actions, if any, occurred in Florida and what actions occurred elsewhere. Indeed, most of the defendant actions that Plaintiff claims caused her injuries appear to have occurred in New York, not Florida:

- **Defendant Dr. Gail Bendheim**.  Alleged as a "mandated reporter" under New York law and "failed to report" abuse of Plaintiff during time Plaintiff was ostensibly in New York. There is no allegation of action taken in Florida or directed at Florida, and all citations regarding Defendant Bendheim are to New York law. *See e.g.*, [ECF No. 9-1 ¶¶ 19–20, 169, 196, 203]; *see also Bertram Yacht, Inc. v. Fournier*, No. 05-23043-CIV, 2006 WL 8433469, *3 (S.D. Fla. Feb. 21, 2006) (dismissing case and stating, "simply stating in a conclusory fashion that this Court has jurisdiction because Defendants have committed a tort or caused injury to persons or property is not a sufficient allegation of personal jurisdiction[.]").

- **Defendant Dr. Esther Altmann**. Alleged as a "mandated reporter" under New York law and "failed to report" abuse of Plaintiff during time Plaintiff was

ostensibly in New York. There is no allegation of action taken in Florida or directed at Florida, and all citations regarding Defendant Altmann are to New York law. [ECF No. 9-1 ¶¶ 22–27, 196, 203, 232–242]; *see also Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Dr. Jonathan Slavin**. Plaintiff provides minimal information about Defendant Slavin. Plaintiff alleges Defendant committed various acts, including HIPAA violations, pathologizing Plaintiff, and colluding with another therapist without consent. [ECF No. 9-1 at 6 ¶ 21]. However, Plaintiff does not specify where these alleged acts occurred or whether they were purposefully directed toward Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Dr. Joseph Cilona**. Plaintiff has not alleged any specific conduct by Defendant Cilona that occurred in Florida or was purposefully directed towards Florida. Furthermore, the legal authority Plaintiff cites with respect to Defendant Cilona consists solely of federal statutes and New York law. [ECF No. 9-1 at 32, 33–34]; *see also Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Dr. Erin Olivo**. Plaintiff has not alleged any specific conduct by Defendant Olivo that occurred in Florida or was purposefully directed towards Florida. Furthermore, the legal authority Plaintiff cites with respect to Defendant Olivo consists solely of federal statutes and New York law. [ECF No. 9-1 at 32–34]; *see also Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Dr. Christine Foerstch**. Plaintiff has not alleged any specific conduct by Defendant Foerstch that occurred in Florida or was purposefully directed towards Florida. [ECF No. 9-1 at 13 ¶¶ 65–68]; *see also Bertram Yacht, Inc.*, 2006

6

WL 8433469, at *3. Moreover, the legal authority Plaintiff cites with respect to Defendant Foerstch consists solely of federal statutes and New York law. [ECF No. 9-1 at 33, 34, 45–46].

- **Defendant Dr. Jonathan Detrixhe**. Plaintiff has not alleged any specific conduct by Defendant Detrixhe that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.  Furthermore, the legal authority Plaintiff cites with respect to Defendant Detrixhe consists solely of federal statutes and New York law. [ECF No. 9-1 at 33].

- **Defendant Dr. Naomi Ben-Ami**. Plaintiff provides minimal detail regarding Defendant Ben-Ami. The Complaint does not allege any specific conduct by Defendant Ben-Ami that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.  Moreover, the factual allegations relate to events that appear to have taken place at Roosevelt Hospital in New York, further suggesting that any alleged injury occurred in New York. [ECF No. 9-1 at 15–16 ¶¶ 87–90]. Furthermore, the legal authority Plaintiff cites with respect to Defendant Ben-Ami consists solely of federal statutes and New York law. [*Id*. at 32, 33].

- **Defendant Dr. Chloe Carmichael.** Plaintiff provides limited detail regarding Defendant Carmichael. Plaintiff has not alleged any specific conduct by Defendant Carmichael that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Specifically, the Complaint describes conduct that allegedly took place in New York and references alleged violations of New York City law, further suggesting that any injury Plaintiff

attributes to Defendant Carmichael occurred in New York. [ECF No. 9-1 at 17 ¶ 95]. Furthermore, the legal authority Plaintiff cites with respect to Defendant Carmichael consists solely of federal statutes and New York law. [*Id*. at 34].

- **Defendant Josh Weiner**. In light of Plaintiff's failure to provide specific information, such as Defendant Josh Weiner's location, residence, or professional background, the Court is unable to determine whether Defendant has any connection to Florida. Plaintiff has not alleged any specific conduct by Defendant Josh Weiner that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Further, Plaintiff's allegations regarding Defendant Weiner involve conduct taking place from 1985–1992, a time that Plaintiff was ostensibly in New York. [ECF No 9-1 at 4 ¶ 13]. The legal authority Plaintiff cites with respect to Defendant Josh Weiner consists solely of federal statutes and New York law. [*Id*. at 31–32].

- **Defendant Dr. Linda Weiner**. The Complaint states Defendant Linda Weiner was SAR's Care Coordinator, further suggesting that any injury Plaintiff attributes to Defendant Carmichael occurred in New York. [ECF No 9-1 at 5 ¶ 16]. Plaintiff has not alleged any specific conduct by Defendant Linda Weiner that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Linda Weiner consists solely of federal statutes and New York law. [ECF No. 9-1 at 32].

- **Defendant Rabbi Erin Leib**. Plaintiff has not alleged any specific conduct by Defendant Leib that occurred in Florida or was purposefully directed towards

8

Florida. Specifically, the Complaint states Yeshivat Maharat, a Jewish educational institution located in the Bronx, New York, maintained professional affiliations with Defendant, further suggesting that any injury Plaintiff attributes to Defendant Leib occurred in New York. [ECF No. 9-1 at 2]; *see also Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Leib consists solely of federal statutes and New York law. [ECF No. 9-1 at 31–32].

- **Defendant Hillel Fuld**. In light of Plaintiff's failure to provide specific information, such as Defendant Fuld's location, residence, or professional background, the Court is unable to determine whether Defendant Fuld has any connection to Florida. Plaintiff has not alleged any specific conduct by Defendant Fuld that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Further, Plaintiff's allegations regarding Defendant Fuld involve conduct taking place from 1985–1992, a time that Plaintiff was ostensibly in New York. [ECF No 9-1 at 4 ¶ 13]. The legal authority Plaintiff cites with respect to Defendant Fuld consists solely of federal statutes and New York law. [*Id.* ¶¶ 232–236 ].

- **Defendant Rabbi Joel Cohn.** The Complaint states Defendant Cohn was employed at SAR Academy in Riverdale, New York between 1988 and 1992, further suggesting that any injury Plaintiff attributes to Defendant Cohn occurred in New York. [*Id.* at 5 ¶ 15]. Plaintiff has not alleged any specific conduct by Defendant Cohn that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Saul Bienenfeld**.  Plaintiff has not alleged any specific conduct by Defendant Saul Bienenfeld that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Exhibit D [ECF No. 9-1 at 76] lists Plaintiff's New York address in the letterhead, indicating the letter was sent to her residence there. This further suggests that any alleged harm caused by Defendant Saul Bienenfeld occurred in New York.

- **Defendant Saul Bienenfeld P.C.**  Plaintiff failed to provide specific factual detail regarding Defendant Saul Bienenfeld P.C. Plaintiff has not alleged any specific conduct by Defendant Saul Bienenfeld P.C. that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Lisa Cahill**. Plaintiff has not alleged any specific conduct by Defendant Cahill that occurred in Florida or that was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Lisa Cahill P.L.L.C.** Defendant is a law office located in New York City. Plaintiff does not allege that Defendant Lisa Cahill P.L.L.C maintains its principal place of business in Florida or that it is otherwise "at home" in the state. Plaintiff has not alleged any specific conduct by Defendant Cahill P.L.L.C that occurred in Florida or that was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant ADA Colleen Walsh**. Defendant Walsh is an Assistant District Attorney in New York City. Plaintiff has not alleged any specific conduct by Defendant Walsh that occurred in Florida or was purposefully directed towards

Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Walsh consists solely of federal statutes and New York law. [ECF No. 9-1 at 9–10].

- **Defendant ADA Jamie Kleidman**. Defendant Kleidman is an Assistant District Attorney in New York City. Plaintiff has not alleged any specific conduct by Defendant Kleidman that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Kleidman consists solely of federal statutes and New York law. [ECF No. 9-1 at 9–10].

- **Defendant Jason Steinberger**. Plaintiff has not alleged any specific conduct by Defendant Jason Steinberger that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Specifically, the Complaint states Plaintiff retained Defendant to represent her during her criminal case, that ostensibly took place in New York. [ECF No. 9-1 at 13 ¶¶ 69, 64]. This further suggests that any alleged harm caused by Defendant Jason Steinberger occurred in New York. Furthermore, the legal authority Plaintiff cites with respect to Defendant Jason Steinberger consists solely of federal statutes and New York law. [*Id.* at 33, 38].

- **Defendant Jason Steinberger L.L.C.** Defendant Jason Steinberger L.L.C. is a criminal defense firm located in New York City. Plaintiff has not alleged any specific conduct by Defendant Jason Steinberger L.L.C. that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Rabbi Jeff Fox**. Plaintiff has not alleged any specific conduct by Defendant Fox that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Fox consists solely of federal statutes and New York law. [ECF No. 9-1 at 37].

- **Defendant Yeshivat Maharat**. Defendant Yeshivat Maharat is a religious institution based in New York. Plaintiff appears to allege injury based on Yeshivat Maharat's hiring or association with individuals who allegedly caused her harm. [ECF No. 9-1 at 19–20 ¶¶ 116–122]. However, Plaintiff has not alleged any specific conduct by Defendant Maharat that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant SAR Academy**. Defendant SAR Academy is a coeducational, private Modern Orthodox Jewish day school located in the Bronx, New York. Plaintiff alleges that Defendant's negligence and failure to address abuse complaints caused her psychological trauma and educational disruption. [ECF No. 9-1 at 5 ¶ 14]. However, Plaintiff has not alleged any specific conduct by Defendant SAR Academy that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Because Defendant is based in New York and the alleged failures occurred at its New York campus, this further suggests any injury Plaintiff attributes to Defendant SAR Academy occurred in New York. Furthermore, the legal authority Plaintiff cites with respect to Defendant Fox consists solely of federal statutes and New York law. [ECF No. 9-1 at 31–32].

- **Defendant Douglas Elliman**. Defendant Douglas Elliman is a real estate company headquartered in New York City. Plaintiff does not allege that Defendant Elliman maintains its principal place of business in Florida or that it is otherwise "at home" in the state. Nor does Plaintiff allege any specific conduct by Douglas Elliman that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Douglas Elliman consists solely of federal statutes and New York law. [ECF No. 9-1 at 35–36, 45–46].

- **Defendant Ken Haber**. Plaintiff has not alleged any specific conduct by Defendant Haber that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Haber consists solely of federal statutes and New York law. [ECF No. 9-1 at 35–36, 45–46].

- **Defendant Roosevelt Hospital**. Defendant Roosevelt Hospital is a hospital located in New York City. Plaintiff alleges she was screened by Defendant Roosevelt Hospital and subsequently subjected to state-coerced compliance, coercion, disability-based discrimination, and institutional fraud. [ECF No. 9-1 at 16 ¶ 91]. These alleged injuries all appear to have arisen from events occurring in New York, not Florida. Plaintiff has not alleged any specific conduct by Defendant Roosevelt Hospital that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Roosevelt Hospital consists solely of federal statutes and New York law. [ECF No. 9-1 at 33, 45–46].

- **Defendant Jack Bendheim**. Defendant Jack Bendheim is the President at SAR Academy located in the Bronx, New York. Plaintiff has not alleged any specific conduct by Defendant Jack Bendheim that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Sara Roer**. The Complaint states Defendant Roer is Defendant Ethan Bendheim's spouse. [ECF No. 9-1 at 23 ¶ 142]. Plaintiff has not alleged any specific conduct by Defendant Roer that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Ethan Bendheim**.  Defendant Ethan Bendheim is the son of Defendant Dr. Gail Bendheim. Plaintiff has not alleged any specific conduct by Defendant Ethan Bendheim that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant Elliot Fuld**. Plaintiff has not alleged any specific conduct by Defendant Elliot Fuld that occurred in Florida or was purposefully directed towards Florida. Specifically, the Complaint states Plaintiff retained Defendant to represent her in legal actions ostensibly taking place in New York. [ECF No. 9-1 at 28 ¶ 172]. This further suggests that any alleged harm caused by Defendant occurred in New York. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Furthermore, the legal authority Plaintiff cites with respect to Defendant Fuld consists solely of federal statutes and New York law. [ECF No. 9-1 at 33].

- **Defendant Ariel Groveman Weiner**. Plaintiff has not alleged any specific conduct by Defendant Weiner that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3.

- **Defendant The New York State Office of the Professions**.  Defendant New York State Office of the Professions is based in New York. Plaintiff has not alleged any specific conduct by Defendant The New York State Office of the Professions that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. To the contrary, Plaintiff states she submitted complaints to Defendant concerning alleged misconduct by New York based professionals. [ECF No. 9-1 at 24 ¶ 147].

- **Defendant Uber Technologies, Inc**. Defendant Uber is headquartered in San Francisco, California. Plaintiff does not allege that Defendant Uber maintains its principal place of business in Florida or that it is otherwise "at home" in the state. Nor does Plaintiff allege any specific conduct by Defendant Uber that occurred in Florida or was purposefully directed towards Florida. *See Bertram Yacht, Inc.*, 2006 WL 8433469, at *3. Plaintiff's allegations concern employment-related discrimination, but Plaintiff does not tie any of the alleged conduct to Florida. Furthermore, the legal authority Plaintiff cites with respect to Defendant Uber consists solely of federal statutes and New York law. [ECF No. 9-1 at 35, 46].

Plaintiff also states in conclusory fashion that a "substantial portion of the events and harms occurred within this district" such as "[l]egal retaliation orchestrated and experienced in Florida through communications from Defendants Lisa Cahill, Saul Bienenfield, and Ken Haber." [ECF No. 9-1 ¶¶ 8–9]. With respect to Defendants Cahill and Bienenfield these actions appear to be the sending of cease-and-desist letters during the process of legal representation, which is not enough for this Court to extend personal jurisdiction. *See Hart Agric. Corp. v. Kea Invs. Ltd.*, No. 20-14440, 2023 WL 155208, at *4 (11th Cir. Jan. 11, 2023) ("With no office, agent, or sales in Florida,

sending a few exploratory letters isn't enough to constitute . . . personal jurisdiction."); *see also Red Wing Shoe Co., Inc., v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360–61 (Fed. Cir. 1998) (affirming a finding that personal jurisdiction was not established when a non-resident defendant sent three cease-and-desist letters to a forum resident because such letters "without more" do not satisfy due process requirements). Further, with respect to Defendant Haber the Amended Complaint does not provide any further information regarding these "communications[,]" nor can the Court find any example in the exhibits. Defendant Haber's "actions" ostensibly occurred in New York. *See* [ECF No. 9-1 ¶¶ 208–210, 243–245 (alleging violations of New York state law)].

Moreover, with respect to several defendants, Plaintiff bases the foundation of her claims on solely "information and belief." *See* [*Id*. at ¶¶ 21, 24, 28, 33, 62, 119, 141–146 (basing allegations against Defendants Slavin, Altmann, Walsh, Kleidman, Olivo, Maharat, Ethan Bendheim, Roer and Weiner off "information and belief.")]. In many cases it is unclear how the alleged actions relate to the claims asserted. Nevertheless, they are not sufficient to support the exercise of personal jurisdiction over the defendants in this forum. *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (allegations made "upon information and belief" need not be taken as true where the allegation is conclusory and where the plaintiff "has not alleged enough facts to nudge his claim [made upon information and belief] across the line from conceivable to plausible.").

The only Florida Defendant is Defendant Aventura Hospital. *See* [ECF No. 9-1 ¶¶ 123–132]. Thus, the Court lacks personal jurisdiction over the remaining thirty-five defendants in this case. *See Trump v. Clinton,* 626 F. Supp. 3d 1264, 1294 (S.D. Fla. 2022) ("Here, Plaintiff has not alleged that Defendants 'aimed' any conduct at Florida or could reasonably have anticipated that Plaintiff would be harmed in Florida, particularly in light of the fact that Plaintiff was resident of

New York at time of the occurrences giving rise to Plaintiff's claims"); *Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1328 (M.D. Fla. 2017), *judgment entered*, No. 8:16-CV-2966-T-36MAP, 2018 WL 10096593 (M.D. Fla. Jan. 8, 2018), *and aff'd sub nom. Hinkle v. Cirrus Design Corp.*, 775 Fed. App'x 545 (11th Cir. 2019) ("The Court therefore has no reason to conclude that the Defendants were at home in Florida and subject to suit here on claims by the Plaintiffs having nothing to do with anything that occurred or had a significant impact in Florida.").

Therefore, the Court is without jurisdiction and is "powerless to take action or to adjudicate a case" as to thirty-five of the thirty-six defendants listed in this case. *See Duran v. Joekel*, No. 2:23-CV-558-JES-NPM, 2024 WL 2384963, at *2 (M.D. Fla. May 23, 2024) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)).

(b) **Plaintiff's Claims Against Defendant Aventura Hospital.**

Though the Court has personal jurisdiction over Defendant Aventura Hospital ("Aventura") located at 20900 Biscayne Blvd, Aventura, Florida 33180, Plaintiff's claims still fail. To state a claim for relief, a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A district court has the authority to *sua sponte* dismiss a complaint before the defendants have responded and without notice to the plaintiff if the complaint is patently frivolous. *Tazoe v. Airbus S.A.A.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal citations omitted). A complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (internal citations omitted). "Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, or when it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013) (per curiam) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). A court may make a "'finding of factual frivolousness . . . when the facts alleged rise to the level of the irrational or the wholly incredible . . . .'" *Id.*

First, it is unclear whether Plaintiff alleges that Defendant Aventura was a participant or actor in the conduct underlying her Civil RICO claim. She fails to provide any factual predicate of how Defendant Aventura Hospital was involved in the asserted RICO enterprise, nor does she establish the elements of a RICO violation beyond formulaic recitations of the elements. *See Ible v. Wells Fargo Bank*, No. 4:21-CV-00025-MW-MAF, 2021 WL 1582419, at *7 (N.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, No. 4:21-CV-00025-MW-MAF, 2021 WL 1577789 (N.D. Fla. Apr. 22, 2021), *aff'd sub nom. Ible v. Wells Fargo Bank, Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr., Series 2004-OPT1, Asset Backed Pass-Through Certificates, Series 2004-OPT1*, No. 21-11777, 2022 WL 3644031 (11th Cir. Aug. 24, 2022) (dismissing federal RICO claim where plaintiff failed to establish the "four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. . . [and] (1) injury to his business or property, and (2) that such injury was by reason of the substantive RICO violation."); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must offer more than "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action."). Here, while it is unclear whether Plaintiff's Complaint is asserting a Civil RICO claim against Defendant Aventura, it would nevertheless fail to state a claim.[5]

Plaintiff also asserts Non-RICO state-law claims against Defendant Aventura Hospital, including battery, intentional infliction of emotional distress, assault, denial of hygiene, psychiatric drugging without consent, and medical negligence.[6] *See* [ECF No. 9-1 ¶¶ 251–254]. However, the Court lacks jurisdiction over state-law claims that neither meet the requirements for diversity jurisdiction, nor are tied to a valid federal claim that could support supplemental jurisdiction. *See* 28 U.S.C. § 1332 (authorizing federal jurisdiction over civil actions between citizens of difference states where the amount in controversy exceeds $75,000); *see also* 28 U.S.C. 1367(a) (authorizing federal courts to hear and decide state law claims along with federal law claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

---

[5] To the extent that Plaintiff attempts to bring a claim for Civil RICO Conspiracy under 28 U.S.C. § 1962(d) against Defendant Aventura Hospital, this would also fail as we have stated that the other thirty-five defendants in this case are due to be dismissed for lack of personal jurisdiction. By definition, a single individual cannot form a conspiracy alone. *See, e.g.*, 18 U.S.C. § 371 (defining a conspiracy as an agreement between two or more persons to accomplish an unlawful plan); *United States v. Arbane*, 446 F.3d 1223, 1228 (11th Cir. 2006) (stating "it is axiomatic that you cannot have a conspiracy without an agreement between two or more culpable conspirators."). Plaintiff has also failed to plead any factual predicate linking Defendant Aventura Hospital to any such conspiracy. *See Twombly*, 550 U.S. at 555.

[6] Plaintiff also appears to assert that Defendant Aventura violated 18 U.S.C. §§ 1347 and 1512. [ECF No. 9-1 at 42]. However, Plaintiff provides no other factual allegations to support these claims. Additionally, a review of 18 U.S.C. §§ 1347 and 1512 confirms they are inapplicable here. *See* 18 U.S.C. § 1512 (addressing tampering with a witness, victim, or an informant); *see also* 18 U.S.C. § 1347 (pertaining to healthcare fraud, specifically stating that "anyone who knowingly executes, or attempts to execute, a scheme to defraud a healthcare benefit program . . . shall be fined or imprisoned not more than ten (10) years").

Here, Plaintiff and Defendant Aventura are citizens of Florida; thus, diversity jurisdiction is lacking. Moreover, because Plaintiff's Civil RICO claim must be dismissed for failure to state a claim, there is no remaining federal claim to support supplemental jurisdiction. Accordingly, the Court lacks jurisdiction over Plaintiff's state-law claims. *Gonzalez v. Fla. Dep't of Highway Safety & Motor Vehicles Div. of Fla. Highway Patrol*, 237 F. Supp. 2d 1338, 1369 (S.D. Fla.), *aff'd sub nom. Gonzalez v. Fla. Dep't of Hwy. Safety*, 45 F. App'x 886 (11th Cir. 2002) ("Because there are no remaining federal claims, this Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims.").

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] be **DENIED** and it is further **RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 9] be **DISMISSED WITHOUT PREJUDICE**. Any remaining motions should be **DENIED AS MOOT**.

Objections to this Report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 24th day of July, 2025.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Court Judge Jacqueline Becerra;**
        **All Counsel of Record; and**
        **Robin Greenbaum,** *pro se*